JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON, an individual, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>PRIMARY PROVIDER MANAGEMENT COMPANY, INC., a California Corporation; AGILON HEALTH, INC., a Delaware Corporation; CYBER PRO SYSTEMS dba MEDICAL DATA EXCHANGE, INC., a California Corporation; CLAYTON DUBILIER & RICE, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. EDCV 19-114-GW-KKx<br><br>Assigned to: Honorable George H. Wu<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF KELLY WILSON'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; ATTORNEY FEES; COSTS; CLASS REPRESENTATIVE ENHANCEMENT; AND CLAIMS ADMINISTRATOR COSTS; AND JUDGMENT**<br><br>Date:         October 19, 2020<br>Time:         8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: October 2, 2018<br>Removed: January 18, 2019 |

1

[AMENDED PROPOSED] ORDER GRANTING PLAINTIFF KELLY WILSON'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; ATTORNEY FEES; COSTS; CLASS REPRESENTATIVE ENHANCEMENT; AND CLAIMS ADMINISTRATOR COSTS; AND JUDGMENT

Plaintiff Kelly Wilson ("Plaintiff") has moved the Court for final approval of a proposed class and collective action settlement, attorney's fees, cost reimbursement, class representative enhancement, and claims administrator cost, the terms and conditions of which are set forth in the Class and Collective Action Settlement filed with the court on September 28, 2020 (Dkt. 63, Exs. 1A, 1B) ("Agreement").

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Agreement except as otherwise expressly provided.

2. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Settlement Class Members and Participating Fair Labor Standards Act ("FLSA") Collective Members.

3. In compliance with this Court's Preliminary Approval Order, and consistent with the requirements of Rule 23, Notice Packets were sent to each Class Member by First Class U.S. mail. The Notice Packet informed Class Members of the terms of the Settlement, their right to receive their proportional share of the Settlement, their right to request exclusion, their right to object to the Settlement, their right to appear in person or by counsel at the Final Approval hearing, and their right to be heard regarding final approval of the Settlement. Adequate periods of time were provided by each of these procedures. No member of the Class presented an objection to the proposed Settlement as part of this notice process or stated an intention to appear at the final approval hearing.

4. In compliance with this Court's Preliminary Approval Order, and consistent with the requirements of Section 216(b), Notice Packets were sent to each FLSA Collective Member. The Notice Packet informed FLSA Collective Members of the terms of the Settlement, their right to receive their proportional share of the Settlement by opting-in, their right to object to the Settlement, their right to appear in person or by counsel at the Final Approval hearing, and their right to be heard regarding final approval of the

Settlement. The FLSA Collective Members were provided two reminders of the deadline to opt-in. Adequate periods of time were provided by each of these procedures. No member of the FLSA Collective Member presented an objection to the proposed Settlement as part of this notice process or stated an intention to appear at the final approval hearing.

5.      The Parties complied in all material respects with the Notice plan set forth in the Agreement. The Court further finds and determines that the Notice Packet and FLSA Claim Reminder Form, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class and FLSA Collective Members of the nature and pendency of the Litigation; the existence and terms of the Agreement; the Class Members' and FLSA Collective Members' rights to make claims, opt out, or object; and the matters to be decided at the hearing on Final Approval. Further, the Notice plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

6.      The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, incentive award to Plaintiff, Claims Administrator costs, and otherwise participate in the hearing on Final Approval held on October 19, 2020.

7.      The Court has determined that full opportunity has been given to the FLSA Collective Members to opt-in to the Settlement, object to the request for attorneys' fees, costs, incentive award to Plaintiff, Claims Administrator costs, and otherwise participate in the hearing on Final Approval held on October 19, 2020.

8.      The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the motion for Final Approval including, but not limited to, the fact that the Agreement was the product of informed, arm's-length negotiations between competent, able counsel; counsel for the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Litigation involved vigorously

disputed claims, underscoring the uncertainty of the outcome in this matter and the risks of continued litigation; the Settlement provides meaningful relief and monetary benefits for the Settlement Class Members and Participating FLSA Collective Members; and the Parties were represented by highly qualified counsel who vigorously and adequately represented their respective clients' interests.

9. The Settlement is in the best interests of the Class and Participating FLSA Collective Members taking into account the extent of the relief obtained in relation to the risks faced by the Class Members and Participating FLSA Collective Members in continuing to litigate their claims. The relief provided under the Agreement is appropriate as to the individual members of the Class and Collective Actions and to the Class and Participating FLSA Collective Members as a whole. All statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Agreement in accordance with its terms.

10. The Court finds and determines that the Individual Settlement Payment for Settlement Class Members provided for by the terms of the Settlement to be paid to the Settlement Class Members are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members in accordance with the terms of the Settlement.

11. The Court finds and determines that the Individual Settlement Payment for Participating FLSA Collective Members provided for by the terms of the Settlement to be paid to the Participating FLSA Collective Class Members are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members in accordance with the terms of the Settlement.

12. By operation of this Final Approval Order and Judgment, by the named Plaintiff and all Settlement Class Members fully and finally release Released Parties of the Released Claims Class Action for the period of October 2, 2014 to May 18, 2020. The Released Claims Class Action are all claims arising from or related to the facts and claims alleged in the Second Amended Complaint, or that could have been raised in the Second

4

[AMENDED PROPOSED] ORDER GRANTING PLAINTIFF KELLY WILSON'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; ATTORNEY FEES; COSTS; CLASS REPRESENTATIVE ENHANCEMENT; AND CLAIMS ADMINISTRATOR COSTS; AND JUDGMENT

Amended Complaint based on the facts and claims alleged, as amended. The Released Claims Class Action include all claims for unpaid wages, including failure to pay minimum wages, straight time compensation, overtime compensation, double-time compensation, and interest; the calculation of the regular rate of pay; missed meal period and rest-period wages (premiums); payment for all hours worked, including off-the-clock work; failure to provide accurate wage statements; unfair business practices; wage statement penalties, minimum-wage penalties, and waiting-time penalties; and attorneys' fees and costs; all claims related to the Released Claims Class Action arising under: the California Labor Code (including, but not limited to, sections 201, 202, 203, 204, 210, 218.5, 218.6, 221-223, 226, 226.3, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198 and 2699 *et seq.*; the Wage Orders of the California Industrial Welfare Commission; the California Private Attorneys General Act of 2004 (PAGA); California Business and Professions Code section 17200, *et seq.*; the California Civil Code, to include but not limited to, sections 3287, 3336 and 3294; 12 CCR § 11040; 8 CCR § 11060; California Code of Civil Procedure § 1021.5. This release excludes the release of claims not permitted by law.

13. By operation of this Final Approval Order and Judgment, by the named Plaintiff and all Participating FLSA Collective Members fully and finally release Released Parties of the Released of Claims by Participating FLSA Collective Members for the period of October 24, 2015 to May 18, 2020. Participating FLSA Collective Members will release all Released Parties for the FLSA claims that were alleged or that reasonably could have been alleged based on the facts alleged in the Second Amended Complaint.

14. By operation of this Final Approval Order and Judgment, the named Plaintiff fully and finally releases the Released Parties from any and all claims, known and unknown, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to claims arising from or related to her employment with Defendants and her compensation while employee of Defendants. Plaintiff's Released Claims include, but are not limited to, all claims arising from or related to the Action. Plaintiff's Released Claims include all claims for unpaid wages, including, but not limited

to, failure to pay minimum wages, straight time compensation, overtime compensation, double-time compensation, and interest; the calculation of the regular rate of pay; missed meal period and rest-period wages; for all hours worked, including off-the-clock work; wage statements; deductions; failure to keep accurate records; unfair business practices; penalties, including, but not limited to, recordkeeping penalties, wage statement penalties, minimum-wage penalties, and waiting-time penalties; and attorneys' fees and costs. Plaintiff's Released Claims include all claims arising under the California Labor Code (including, but not limited to, sections 200, 201, 201.1, 201.3, 201.5, 202, 203, 204, 205.5, 206, 210, 216, 218, 218.5, 218.6, 221, 222, 222.5, 223, 224, 225, 225.5, 226, 226.3, 226.7, 226.8, 227.3, 256, 450, 510, 511, 512, 516, 550, 551, 552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.2, 1198, 2698 *et seq.*, 2699 *et seq.*, and 2802); all claims arising under: the Wage Orders of the California Industrial Welfare Commission; the California Private Attorneys General Act of 2004 (PAGA); California Business and Professions Code section 17200, *et seq.*; the California Civil Code, to include but not limited to, sections 3287, 3336 and 3294; 12 CCR § 11040; 8 CCR § 11060; California Code of Civil Procedure § 1021.5; the California common law of contract; the FLSA, 29 U.S.C. § 201, *et seq.*; 29 CFR 778.223; 29 CFR 778.315; federal common law; and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA). Plaintiff's Released Claims also include all claims for lost wages and benefits, emotional distress, retaliation, punitive damages, and attorneys' fees and costs arising under federal, state, or local laws for discrimination, harassment, retaliation, and wrongful termination, such as, by way of example only, (as amended) 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the California Fair Employment and Housing Act (FEHA); and the law of contract and tort. This release excludes the release of claims not permitted by law including claims for workers' compensation benefits. Plaintiff's Released Claims include all claims, whether known or unknown. Even if Plaintiff discovers facts in addition to or different from those that she now knows or believes to be true with respect to the subject matter of

Plaintiff's Released Claims, those claims will remain released and forever barred. Thus, Plaintiff expressly waives and relinquishes the provisions, rights, and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.

15. In compliance with the requirements of California Labor Code § 2699(l)(2), Class Counsel provided notice to the Labor and Workforce Development Agency ("LWDA") of the proposed Settlement. Class Counsel received no objections from the LWDA regarding the proposed Settlement.

16. The request for civil penalties under PAGA in the amount of $10,000.00 is hereby granted. Seventy-five percent of that amount ($7,500.00), shall be paid to the California Labor & Workforce Development Agency. The remaining twenty-five percent ($2,500.00), shall be allocated to the Net Settlement Fund to be distributed under the terms of the Settlement Agreement.

17. "Released Parties" shall mean Defendants Primary Provider Management Company, Inc.; Agilon Health, Inc.; Cyber Pro Systems dba Medical Data Exchange, Inc.; and MDX Hawaii, Inc.; and Clayton, Dubilier & Rice, LLC, and each of their past, present and future agents, employees, owners, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships, divisions, assigns, predecessors, successors, insurers, re-insurers, consultants, joint venturers, joint employers, affiliates, alter-egos, and affiliated organizations, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, other service providers, and assigns.

18. Nothing herein shall bar any action or claim to enforce the terms of the Agreement.

19. The Court finally approves David P. Myers and Jason Hatcher, of The Myers

7

[AMENDED PROPOSED] ORDER GRANTING PLAINTIFF KELLY WILSON'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; ATTORNEY FEES; COSTS; CLASS REPRESENTATIVE ENHANCEMENT; AND CLAIMS ADMINISTRATOR COSTS; AND JUDGMENT

Law Group, A.P.C., as Class/Collective Counsel.

20. The Court finally approves Kelly Wilson as Class/Collective Representative.

21. The Court finally approves Class Counsel's application for an award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff, and in accordance with the terms of the Agreement, the following amounts shall be paid by Defendants from the Maximum Settlement Consideration fund:

   a. Fees to Class/Collective Counsel: $125,000;

   b. Actual Costs Reimbursement to Class/Collective Counsel: $9,505.63;

   c. Incentive Award to Plaintiff: $10,000.

22. Except as provided in this Order, Plaintiff shall take nothing against Defendants by her Second Amended Complaint, and final judgment shall be entered thereon, as set forth in this Order.

23. The Court finds and determines that the payment to be paid to the Claims Administrator, Simpluris, Inc. in the sum of $11,263.00 for its fee and expenses incurred is fair and reasonable. The Court hereby orders the Claims Administrator to make this payment to itself in accordance with the terms of the Settlement Agreement.

24. The Parties shall bear their own costs and attorney's fees except as otherwise provided for by the Settlement Agreement and this Court's Order Granting Final Approval.

25. Without affecting the finality of this Final Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) distribution of the Settlement Funds to be paid to all Settlement Class Members, all Participating Collective Members, the Class Representative Enhancement Payment to Plaintiff, Claims Administration Costs to the Claims Administrator, the Labor and Workforce Development Agency Payment, and payment of Class/Collective Counsel's Attorneys' Fees and Costs; and (c) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

26. The Claims Administrator shall execute a Declaration of Disbursement to be filed by Class/Collective Counsel no later than 45 calendar days after the Claims Administrator issues payments pursuant to the Settlement Agreement and this Order.

27. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 20, 2020   _____
Hon. George H. Wu
United States District Judge

9

[AMENDED PROPOSED] ORDER GRANTING PLAINTIFF KELLY WILSON'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; ATTORNEY FEES; COSTS; CLASS REPRESENTATIVE ENHANCEMENT; AND CLAIMS ADMINISTRATOR COSTS; AND JUDGMENT